## S. R. NEAL *v.* JAS. B. EVANS.

**Rewards—Offer Made on Sunday—Renewal.**

> Where defendant after offering a reward on Sunday for the recovery of defendant's mule, met plaintiff on the next day ·in another place, where plaintiff had gone in search of the mule, and defendant knew that plaintiff was searching for the mule but did not inform him that the offer of reward was withdrawn, it amounted to a renewal of the offer of reward.

APPEAL FROM WEBSTER CIRCUIT COURT.

February 2, 1873.

OPINION BY JUDGE PETERS:

The only reason urged by counsel of appellant for a reversal of the judgment is the refusal of the court below to give to the jury the following instruction, to wit: If the jury believe from the evidence that the only reward offered by the defendant in reference to his mule was offered on Sunday, or the Christian Sabbath, they must find for the defendant; unless they believe from the evidence that the defendant was a member of some society which observed as a Sabbath some day of the week other than Sunday or the Christian Sabbath.

The evidence without conflict establishes the fact that the offer of the reward for the reclamation of his mule was made on Sunday, the first day of the week, by appellant; and if he had made no other offer, nor done any act after that day to engage appellee in his service for the recovery of his mule, the contract arising out of the offer made on that day might not have been enforceable. But on the day after the reward had been offered, appellant met with appellee at Madisonville, where he had gone in pursuit of the mule. He knew that appellee had gone there in search of the mule, and failed then either to dispense with his services or to inform him that the offer of the reward on the day before was withdrawn, which in effect was a renewal of the offer on Monday, or at least it might be so construed, and the instruction as asked without any qualification was properly overruled.

Wherefore the judgment is *affirmed.*

*Gazlay, Yeaman & Keenecke, for appellant.*